IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARK DONNELLY, CHRISSY DONNELLY, and HANG 10 INVESTMENTS, LLC,<br><br>          Petitioners,<br><br>     vs.<br><br>JEWEL OF KAHANA, LLC, MERITAGE INVESTMENTS, LCC, AUBERY FAMILY LIMITED PARTNERSHIP, JEFF AUBERY, PATTY AUBERY, JAMES LECRON, KAREN LECRON, MELINDA WALSH, and MICHAEL WALSH,<br><br>          Respondents.<br><br>JEWEL OF KAHANA, LLC, MERITAGE INVESTMENTS, LCC, AUBERY FAMILY LIMITED PARTNERSHIP, JEFF AUBERY, PATTY AUBERY, JAMES LECRON, KAREN LECRON, MELINDA WALSH, and MICHAEL WALSH,<br><br>          Cross-Petitioners,<br><br>vs.<br><br>MARK DONNELLY, CHRISSY DONNELLY, and HANG 10 INVESTMENTS, LLC,<br><br>          Cross-Respondents. | Civ. Nos. 12-00347 HG-KSC<br>(CONSOLIDATED)12-00419 HG-KSC |

**ORDER CONFIRMING ARBITRATION AWARD**

1

The Arbitration decision before the Court, No. 73 180 Y 34087 08, arose from Petitioners/Cross-Respondents involuntary dissociation from the Jewel of Kahana, LLC, a company developing a property in Maui. The Parties dispute various aspects of the Arbitration Award. The matter comes before the Court on the basis of federal diversity jurisdiction.

Petitioners/Cross-Respondents Mark Donnelly, Chrissy Donnelly, and Hang 10 Investments, LLC (collectively "the Donnellys") filed a demand for arbitration against Respondents/Cross-Petitioners Jewel of Kahana, LLC and its Managers and Members, (collectively "the JKL Parties"), primarily to determine the value of the Donnellys' share in the Jewel of Kahana, LLC.

The JKL Parties filed a Counterclaim against the Donnellys for breach of fiduciary duties.

The Arbitrator determined that the value of the Donnellys' share in the Jewel of Kahana, LLC was zero dollars. The Arbitrator held that the Counterclaim did not involve a breach of fiduciary duty. The Donnellys were awarded attorneys' fees and costs on the Counterclaim, for which the JKL Parties were held to be jointly and severally liable.

The Donnellys move to confirm in part and vacate in part the Arbitration Award. (ECF No. 30.) They seek to confirm the

Arbitrator's rulings on the Counterclaim and vacate portions of the Arbitrator's rulings on the valuation issue.

The JKL Parties move to vacate a portion of the Arbitration Award. They seek to vacate the ruling that the individual Managers and Members of the Jewel of Kahana, LLC are jointly and severally liable for the judgment on the Counterclaim and the ruling that there was no prevailing party on the valuation issue. (ECF No. 31.)

The Donnellys' Motion to Confirm in Part and Vacate in Part the Arbitration Award (ECF No. 30) is **GRANTED** with respect to the Motion to Confirm, and **DENIED** with respect to the Motion to Vacate.

The JKL Parties' Motion to Vacate in Part Arbitration Award (ECF No. 31) is **DENIED.**

The Arbitration Award is **CONFIRMED.**

## PROCEDURAL HISTORY

On October 14, 2008 Petitioners/Cross-Respondents Mark Donnelly, Chrissy Donnelly, and Hang 10 Investments, LLC (collectively "the Donnellys" or "Petitioners") submitted a demand for arbitration to the American Arbitration Association, Arbitration No. 73 180 Y 34087 08, regarding the valuation of the

Donnellys' interest in the Jewel of Kahana, LLC. (Petitioners'
Mot. Ex. B, ECF No. 30.)

On January 5, 2009, Respondents/Cross-Petitioners Jewel of
Kahana, LLC, Meritage Investments, LLC, Aubery Family Limited
Partnership, Jeff Aubery, Patty Aubery, James LeCron, Karen
LeCron, Melinda Walsh, and Michael Walsh (collectively "the JKL
Parties" or "Respondents") filed a Counterclaim, alleging various
breaches of the fiduciary duty owed to the Jewel of Kahana, LLC
and its Managers and Members. (Petitioners' Mot. Ex. A, ECF No.
30.) On November 30, 2009, the Arbitrator issued an Interim
Binding Arbitration Award on the Counterclaim, finding that the
Donnellys had not breached their fiduciary duties under Hawaii
law. (Respondents' Mot. Ex. 9, ECF No. 31.)

On August 16, 2011, the Arbitrator issued a subsequent
Interim Binding Arbitration Award on the Counterclaim and the
valuation issue.[1] (Petitioners' Mot. Ex. D, ECF No. 30)

On January 27, 2012, the Arbitration was suspended due to
non-payment of arbitration fees. (Respondents' Mot. Ex. 27, ECF
No. 31.)

---

[1]     The JKL Parties provided an earlier version of the
Award, dated August 12, 2011, entitled Final Binding Arbitration
Award. (Respondents' Mot. Ex. 22). The earlier version does not
include two amendments requested by the American Arbitration
Association that are reflected in the August 16, 2011 Award,
entitled Interim Binding Arbitration Award. (Petitioners' Mot.
Ex. J). The August 16, 2011 Award includes a statement about
arbitration fees and bears the title Interim Binding Arbitration
Award.

On February 13, 2012, the Arbitrator issued the Arbitrator's Final Order. (Petitioners' Mot. Ex. H, ECF No. 30.)

On May 16, 2012, the Parties were served with the Arbitrator's Final Order. The service of the Final Order, issued on February 13, 2012, was delayed until the suspension of the arbitration for non-payment of arbitration fees was lifted. (Respondents' Mot. Ex. 28, ECF No. 31.)

On May 31, 2012, the JKL Parties filed a Motion to Vacate the Arbitrator's Final Order in the Second Circuit Court of the State of Hawaii. (Notice of Removal Ex. 1, ECF No. 1.)

On June 19, 2012, the Donnellys removed the action to Federal District Court, Case No. 12-00347-HG-KSC. (Id.)

On July 25, 2012, the Donnellys filed a separate action in Federal District Court, Case No. 12-00419-HG-KSC, moving to confirm in part and vacate in part the Arbitration Award.

On August 2, 2012, the two actions were consolidated. All subsequent filings were required to be filed in Case No. 12-00347-HG-KSC. (ECF No. 12.)

On October 17, 2012, a Status Conference was held regarding the consolidated actions. The Donnellys were ordered to file a Motion setting forth their request for relief and legal objections to the JKL Parties' position. The JKL Parties were ordered to file their response to the Donnellys' Motion, which

they entitled "Respondents' Motion to Vacate in Part Arbitration Award." The Parties were permitted to file a Reply. (ECF No. 28.)

On October 31, 2012, the Donnellys filed a Motion to Confirm in Part and Vacate in Part the Arbitration Award. (ECF No. 30.)

On November 19, 2012, the JKL Parties filed a Motion to Vacate in Part the Arbitration Award. (ECF No. 31.)

On December 4, 2012, the Donnellys filed a Reply. (ECF No. 33.)

A Hearing Date on the Pending Arbitration Motions (ECF Nos. 30 and 31) was set for February 15, 2013.

After the matter had been fully briefed, nine days prior to the hearing, on February 6, 2013, Margery S. Bronster, Counsel for the JKL Parties, filed a Motion to Withdraw as Attorney and to Continue the Hearing on the Pending Arbitration Motions. (ECF No. 36.)

On February 11, 2013, the Court held a hearing on Ms. Bronster's Motion to Withdraw as Attorney for the JKL Parties and to Continue the Hearing set for February 15, 2013 (ECF No. 36). The Court denied the Motion to Withdraw and the Motion to Continue. The Court elected to decide the Pending Arbitration Motions without a hearing, pursuant to Local Rule 7.2(d). (ECF No. 41.)

On February 21, 2013, the attorneys for the JKL Parties filed a Statement indicating their agreement with the Court's

6

decision to decide the Pending Arbitration Motions without a hearing, given that all briefing had been completed. (ECF No. 42.)

## BACKGROUND

### Jewel of Kahana, LLC

Jewel of Kahana, LLC is a Hawaii Limited Liability Company, which was created in early 2005 for the purpose of acquiring, developing, and selling property. (Respondents' Mot. Ex. 1, Operating Agreement §§ 1.1, 1.3, ECF No. 31.)

On April 22, 2005, the Jewel of Kahana, LLC purchased real property in Lahaina, Hawaii ("Jewel of Kahana, LLC Real Property"), with the intention of developing a luxury single-family residence.

The Jewel of Kahana, LLC Members had previously purchased another property on Maui, Kahana Paradise, also with the intention of developing a high-end residential property.

The Jewel of Kahana, LLC Members were:

- Hang 10 Investments, LLC (managed by Chrissy and Mark Donnelly),

- Meritage Investments, LLC (managed by Melinda and Michael Walsh),

- Aubery Family Limited Partnership (managed by Jeff and Patty Aubery),

- and James and Karen LeCron.

The Managers of the Jewel of Kahana, LLC were Chrissy and Mark Donnelly, Melinda and Michael Walsh, Jeff and Patty Aubery, and James and Karen LeCron. (Operating Agreement at Ex. A, ECF No. 30.)

### The Donnellys' Dissociation from the Jewel of Kahana, LLC

The development of the Jewel of Kahana, LLC Real Property, as well as the Kahana Paradise Property, suffered from significant set backs. (Petitioners' Mot. Ex. D, Interim Binding Arb. Award at 2, Aug. 16, 2011, ECF No. 30.) According to the Pleadings, the development of the properties fell behind schedule and created major financial problems for the Jewel of Kahana, LLC Members.

The Donnellys began loaning funds from the Kahana Paradise Project to the Jewel of Kahana, LLC Project to help cover the Jewel of Kahana, LLC's accruing bills. The other Jewel of Kahana, LLC Members began to question the Donnellys' financial transactions. (Id.)

On July 30, 2008, the Jewel of Kahana, LLC Members voted to remove the Donnellys as Officers and Managers of the Jewel of Kahana, LLC. The Jewel of Kahana, LLC Operating Agreement permits

8

removal of managers without cause, § 5.7, and the removal of
officers if the Board determines that the removal will serve the
best interests of the Company, § 5.17.3. The Donnellys were
dissociated from the Jewel of Kahana, LLC allegedly for cause.
(Respondents' Mot. Ex. 2, ECF No. 31.)

Upon their dissociation, the Donnellys possessed the right
to receive a withdrawal distribution, valued according to a
Formula set forth in the Operating Agreement. (Operating
Agreement § 7.11, Ex. B, ECF No. 30.)


### The Arbitration

Pursuant to the Operating Agreement § 12.1.2, providing for
the arbitration of disputes, on October 14, 2008, Chrissy
Donnelly, Mark, Donnelly, and Hang 10 Investments, LLC
(collectively "the Donnellys" or "Petitioners") filed a Demand
for Arbitration with the American Arbitration Association.
(Petitioners' Mot. Ex. B, ECF No. 30.) The Donnellys sought the
valuation of their interest in the Jewel of Kahana, LLC, as of
July 30, 2008, the date of their involuntary dissociation. They
also sought attorneys' fees, interest, arbitration costs, and
punitive and exemplary damages. The Jewel of Kahana, LLC and its
remaining Managers and Members (Meritage Investments, LLC, Aubery
Family Limited Partnership, Jeff Aubery, Patty Aubery, James
Lecron, Karen Lecron, Melinda Walsh, and Michael Walsh),

(collectively "the JKL Parties" or "Respondents"), were named as Respondents. The Donnellys ultimately waived their claims for damages. (Petitioners' Mot. Ex. C, Interim Binding Arb. Award at ¶ 5, Nov. 30, 2009, ECF No. 30.)

On January 5, 2009, the Jewel of Kahana, LLC and each of its individual Managers and Members, filed a Counterclaim, alleging that the Donnellys breached their fiduciary duty. (Petitioners' Mot. Ex. A, ECF No. 30.)

The Arbitrator bifurcated the proceedings and addressed the Counterclaim first.

Phase One: Arbitration of The Counterclaim

The Arbitrator issued an Interim Binding Arbitration Award on November 30, 2009 on the Counterclaim, finding that the Donnellys had not breached their fiduciary duty under Hawaii law. (Petitioners' Mot. Ex. C, ECF No. 30.)

Phase Two: Valuation of the Donnellys' Interest in the Jewel of Kahana, LLC

The second phase, concerning the valuation of the Donnellys' interest in the Jewel of Kahana, LLC, took place over approximately three years. The Operating Agreement that the Parties had set up when they entered into their business contains a "Formula for Determining the Purchase Price of a Member's Interest." The Arbitrator entered various Orders implementing the

Valuation Formula. (<u>See</u> Petitioners' Mot. Ex. D, Arb. Award at 43-45, Aug. 16, 2011, ECF No. 30 (providing an overview of the valuation process); Respondents' Mot. Exs. 12, 16, 18, 20-21, ECF No. 31 (Arbitrator's various e-mailed rulings on the valuation procedure, spanning from Dec. 29, 2009 through Jun. 20, 2011).) The Arbitrator determined that the Valuation Formula did not require an evidentiary hearing. (<u>Id.</u>)

<u>The Arbitration Award</u>

On August 16, 2011, the Arbitrator issued an Interim Binding Arbitration Award on the Counterclaim and valuation issue. (Petitioners' Mot. Ex. D, ECF No. 30.) The Donnellys' share in the Jewel of Kahana, LLC was found to have no value.

The August 16, 2011 Arbitration Award ruled that the Donnellys prevailed on the Counterclaim and were entitled to related attorneys' fees and costs. The Award specified that a Final Order would issue regarding the exact amount of fees and costs awarded on the Counterclaim. The Arbitrator found that there was no prevailing party on the valuation issue, because the valuation was governed by the formula in the Operating Agreement. The Arbitrator held that the process of following the steps to determine valuation, as contained in the Operating Agreement, was not litigation on the valuation issue. (<u>Id.</u> at 46.)

The Arbitrator issued a Final Order on February 13, 2012, which was not served on the Parties until May 16, 2012.

(Respondents' Mot. Ex. 28, ECF No. 31.) The delay was due to the

non-payment of fees owed for the Arbitrator's services.

(Respondents' Mot. Ex. 27, ECF No. 31.)

The Final Order included, in relevant part, the following

rulings:

- The Donnellys are the prevailing party against the JKL
  Parties on the Counterclaim and are entitled to recover
  their attorneys' fees and costs related to the
  Counterclaim.

- The Jewel of Kahana, LLC, and its Individual Members
  and Managers, are jointly and severally liable for a
  total of $283,093.87 for attorneys' fees and costs
  related to the Counterclaim, incurred up to and
  including November 30, 2010.

- The Donnellys' request for an evidentiary hearing
  regarding the value of the Jewel of Kahana, LLC or its
  Real Property is denied.

- There was no prevailing party on the valuation issue
  because the value of the withdrawal distribution was
  governed by the Valuation Formula in the Operating
  Agreement. There was no litigation of the valuation
  issue. The fact that the Donnellys' share is worth
  $0.00 does not make the JKL Parties the prevailing

party. The Donnellys prevailed on the only dispute

litigated.

(Respondents' Mot. Ex. 28, Feb, 13, 2012, ECF No. 31.)


**The Donnellys' Motion to Vacate in Part and Confirm in Part**

<u>The Donnellys seek to vacate</u> the Arbitration rulings

(1) valuing their share in the Jewel of Kahana, LLC at zero

dollars and (2) denying their request for an evidentiary hearing

on the valuation. The Donnellys contend that the valuation

process violated arbitration law and the terms of the Operating

Agreement. (Petitioners' Mem. Supp. Mot. at 22-33, ECF No. 30.)

<u>The Donnellys seek to confirm</u> the Arbitration rulings on the

Counterclaim that the Donnellys did not breach any fiduciary duty

and that the JKL Parties are jointly and severally liable for

$283,093.97 in attorneys' fees and costs. Once the rulings are

confirmed, they request an entry of final judgment, pursuant to

the Federal Arbitration Act, 9 U.S.C. § 13. (<u>Id.</u> at 14-22.)


**The JKL Parties' Motion to Vacate in Part**

<u>The JKL Parties seek to vacate</u> the Arbitrator's rulings

(1) finding the Jewel of Kahana, LCC and its individual Members

and Managers liable for the attorneys' fees and costs on the

Counterclaim and (2) finding that there was no prevailing party

13

on the valuation issue. (Respondents' Mem. Supp. Mot. at 3, 13-24, 29-31.)

The JKL Parties claim that the Award against the Jewel of Kahana, LLC's Members and Managers, in their individual capacities, violates Hawaii law and the terms of the Operating Agreement. The JKL Parties claim that they are entitled to attorneys' fees and costs, as the "prevailing party" on the valuation issue.


## LEGAL STANDARDS


The Parties have the ability to choose an applicable legal standard in an arbitration agreement. Fid. Fed. Bank, FSB v. Durga Ma Corp., 386 F.3d 1306, 1312 (9th Cir. 2004). Parties may choose which law governs the contract, the arbitration, and review of an arbitration award. See id. The parties' choice of law, however, is subject to some limitations. Hall St. Associates, L.L.C. v. Mattel, Inc., 552 U.S. 576, 586 (2008). Private parties cannot, for instance, create their own standard for confirming or vacating an arbitration award. Id.


### Substantive Law

The Jewel of Kahana, LLC Operating Agreement's General Choice-of-law Clause provides: "This Agreement will be governed

14

by and construed according to the laws of the State of Hawaii
without regard to conflicts of law principles . . . ."
(Respondents' Mot. Ex. 1, Operating Agreement § 11.5, ECF No.
31.)

The Parties agree that Hawaii state substantive law governs
disputes arising from the Operating Agreement, including
interpretation of the Operating Agreement itself. The Arbitrator
properly interpreted the Operating Agreement and determined the
substantive issues before him, pursuant to Hawaii law.


### Choice of Rules to Govern Arbitration

The Jewel of Kahana, LLC Operating Agreement's Arbitration
Clause § 12.1.2 provides that disputes arising from the Operating
Agreement that cannot be resolved by mediation, shall be settled
through arbitration. The Donnellys submitted the Demand for
Arbitration to the American Arbitration Association ("AAA") in
California, in accordance with the Operating Agreement's
Arbitration Clause. (Petitioners' Mot. Ex. B, ECF No. 30.)

Parties to an agreement may elect which procedural rules
shall govern an arbitration, as well as the confirmation or
vacatur process of an arbitration award. Fid. Fed. Bank, FSB.,
386 F.3d at 1312. The agreement must manifest a clear and
unambiguous intent to elect particular procedural rules for
arbitration. A contract's general choice-of-law clause is not

sufficient to establish a clear intent to elect particular arbitration rules. Fid. Fed. Bank, 386 F.3d at 1312. The contract must specifically state what rules or law shall be utilized to conduct the arbitration.

In the absence of the parties' clear intent to elect particular rules for arbitration, the decisions of the Ninth Circuit Court of Appeals provide a strong presumption that the Federal Arbitration Act applies. The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 9 through 11, supplies the rules for both arbitration and the confirmation or vacatur of an arbitration award. Johnson v. Gruma Corp., 614 F.3d 1062, 1066-67 (9th Cir. 2010); Fid. Fed. Bank, FSB, 386 F.3d at 1311.

The Operating Agreement contains an Arbitration Clause, which provides for the rules governing Arbitration, as follows:

> The arbitrator shall conduct all proceedings pursuant to the then existing Commercial Arbitration Rules of the AAA, to the extent such rules are not inconsistent with the provisions of this Article XII. The Uniform Rules of Procedure for Arbitration shall not apply to any arbitration proceeding relating to the subject matter or terms of the documents.

(Operating Agreement § 12.1.2.)

The Parties agree that the Operating Agreement manifests a clear intent that the American Arbitration Association's Commercial Arbitration Rules govern the Arbitration proceedings. The Arbitration properly relied on the American Arbitration

Association's Commercial Arbitration Rules. (See Respondents'
Mot. Ex. 27, Order to Suspend the Arbitration Proceedings, Jan.
26, 2012, ECF No. 31.)


**Standard Governing Judicial Review of an Arbitration Award**

The Parties disagree as to what law the Court should look to
in deciding the Motions before it. The JKL Parties contend that
the Operating Agreement's General Choice-of-law Clause evinces
the Parties' clear intent that the Hawaii Arbitration Act should
provide the standard for vacatur or confirmation of an
arbitration award. (Respondents' Mem. Supp. Mot. at 14-15, ECF
No. 31.) The Donnellys assert that the General Choice-of-law
Clause only evinces a clear intent to have Hawaii substantive law
govern the interpretation of the Operating Agreement and the
substantive disputes. They contend the Federal Arbitration Act
should provide the standard for judicial review, because the
Operating Agreement does not state a clear intent to the
contrary. (Petitioners' Mem. Supp. Mot. at 13-14, ECF No. 30.)
The Court agrees with the Donnellys' position.

The Federal Arbitration Act ("FAA") provides the default
standard for judicial review of an arbitration award, when a
contract does not evince a clear intent to incorporate some other
standard. Johnson, 614 F.3d at 1066; Metzler Contracting Co. LLC

17

v. Stephens, 774 F. Supp. 2d 1073, 1077 (D. Haw. 2011) *aff'd*, 479 F.App'x 783 (9th Cir. 2012).

In Johnson v. Gruma Corp., 614 F.3d 1062 (9th Cir. 2010), the Ninth Circuit Court of Appeals held that the state standard governed judicial review of an arbitration award. The contract in Johnson evinced a clear intent to incorporate the state standard by specifying that the arbitration was to be "conducted and was subject to enforcement pursuant to the California Arbitration Act, or other applicable law." The language of the contract there overcame the presumptive application of the FAA standard for the motion to vacate. Id. at 1066-67. There is no language in the Operating Agreement here that mentions a choice of law with respect to enforcement of the Arbitration Decision.

A contract's general choice-of-law clause, such as we have in the case before the Court here, cannot establish a clear intent to incorporate a standard for confirmation or vacatur. Fid. Fed. Bank, 386 F.3d at 1312. In Fidelity Federal Bank, 383 F.3d 1306, a contract provided for arbitration "in accordance with the laws of . . . California and the rules of the American Arbitration Society." 386 F.3d at 1308. The Ninth Circuit Court of Appeals held that the contract elected California state substantive law, but did not overcome the presumption that the FAA provided the standard for the motion to vacate. Id. at 1312. Similarly, in Metzler, 774 F.Supp.2d at 1078, a contract's

18

choice-of-law clause stated that disputes should be governed by Hawaii law and that arbitration should be conducted in accordance American Arbitration Association's Construction Industry Arbitration Rules. The Hawaii Federal District Court held that the FAA governed the judicial review of the arbitration award and Hawaii law governed the substantive dispute. Id.

The Jewel of Kahana, LLC Operating Agreement provides limited guidance for enforcement of an arbitration award. It states: "Judgment to enforce the decision of the arbitrator, whether for legal or equitable relief, may be entered in any court having jurisdiction thereof." (Operating Agreement § 12.1.2.) The Operating Agreement does not specify the standard a court should apply in reviewing an arbitration award.

The Jewel of Kahana, LLC's Operating Agreement is similar to the contracts in Fidelity Federal Bank and Metzler. It does not evince a clear intent to elect a certain standard for a motion to confirm or vacate an arbitration award. The Operating Agreement's General Choice-of-law clause does not establish that the Court's review of the Arbitration Award should be governed by the Hawaii Arbitration Act.

Although the Operating Agreement requires that the arbitration proceedings be conducted, pursuant to the American Arbitration Association's Commercial Arbitration Rules, those Rules do not address judicial review of an arbitration ruling.

See American Arbitration Association, <u>Commercial Arbitration Rules</u>, R-48(c)(Jun. 2009)("Parties to an arbitration under these rules shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction thereof."); <u>see also</u> <u>Metzler</u>, 774 F.Supp.2d at 1077-78 (American Arbitration Association's Construction Industry Arbitration Rules, containing the same relevant provision as the Commercial Arbitration Rules, does not evince an intent to use state over federal arbitration rules in a motion to confirm or vacate).

The Jewel of Kahana, LLC Operating Agreement does not evince a clear intent to overcome the presumption favoring the FAA standard for judicial review of an arbitration decision. The Court looks to the FAA standard for confirming or vacating the Arbitration Award.

### The Federal Arbitration Act's Standard for Confirming and Vacating an Arbitration Award

The Federal Arbitration Act ("FAA") promotes a national policy favoring arbitration. <u>Hall St. Assocs., L.L.C. v. Mattel, Inc.</u>, 552 U.S. 576, 583-84 (2008). Arbitration is favored for its ability to respond to the parties' wishes. <u>Kyocera</u>, 341 F.3d at 998. Arbitration offers greater flexibly and speed than litigating, and is considered to be more cost-effective. <u>Id.</u>

Judicial review of an arbitration award, under the FAA, is strictly limited, in order to prevent unnecessary public intrusion into private arbitration procedures. Id. The limitations on judicial review are designed to preserve due process, without undermining the benefits of arbitration, by rendering it "merely a prelude to a more cumbersome and time-consuming judicial review process." Hall, 552 U.S. at 587 (quoting Kyocera, 341 F.3d at 998).

Under the FAA, the Court must confirm an arbitration award unless it is vacated, corrected, or modified. See 9 U.S.C. § 9.

An arbitration award may be vacated under the FAA, pursuant to the standards set forth in 9 U.S.C. § 10(a):

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).

Section 10 of the FAA, which provides the exclusive means for reviewing an arbitration award under the FAA, establishes a "high hurdle" for vacatur. See Stolt-Nielsen S.A. v. AnimalFeeds

21

Int'l Corp., 559 U.S. 662, 667 (2010); Biller v. Toyota Motor Corp., 668 F.3d 655, 664 (9th Cir. 2012). A merits review of an arbitration award is outside a court's authority, under the FAA. An arbitrator's error in determining the merits of a dispute is not grounds for vacatur. Biller, 668 F.3d at 664.

If an award is not vacated, pursuant to § 10 of the FAA, or modified, pursuant to § 11 (allowing modification for miscalculations or imperfection of form, which are not at issue here), confirmation is required, even if the award contains erroneous findings of fact or misinterpretations of law. See Lagstein v. Certain Underwriters at Lloyd's, London, 607 F.3d 634, 640 (9th Cir. 2010).

**Use of the Hawaii Arbitration Law for Enforcement**

The Court finds that use of the Hawaii Arbitration Act as the standard for review would not change the results here. The FAA and Hawaii standards for judicial review are nearly identical. Metzler, 774 F.Supp.2d at 1077. The Hawaii statute provides, in relevant part, that an arbitration award may be vacated if:

(1)  The award was procured by corruption, fraud, or other undue means;

(2)  There was:

(A)  Evident partiality by an arbitrator appointed as a neutral arbitrator;

22

      (B)    Corruption by an arbitrator; or

      ©     Misconduct by an arbitrator prejudicing the rights of a party to the arbitration proceeding;

(3)    An arbitrator refused to postpone the hearing upon showing of sufficient cause for postponement, refused to consider evidence material to the controversy, or otherwise conducted the hearing . . . so as to prejudice substantially the rights of a party to the arbitration proceeding;

(4)    An arbitrator exceeded the arbitrator's powers;

(5)    There was no agreement to arbitrate, unless the person participated in the arbitration proceeding without raising the objection . . . .

Haw. Rev. Stat. § 658A-23(a).

The Hawaii Arbitration Act requires a showing of "substantial prejudice," and the FAA requires a showing of "prejudice." The allegations of the Parties here withstand a motion for vacatur under either standard. <u>Howard Fields & Associates v. Grand Wailea Co.</u>, 848 F.Supp. 890, 895 (D. Haw. 1993); <u>Tatibouet v. Ellsworth</u>, 54 P.3d 397, 406 n.7 (Haw. 2002)(using Ninth Circuit case law interpreting the terms of the FAA to interpret the same terms in the Hawaii Arbitration Act).

**ANALYSIS**

I.  **THE DONNELLYS' MOTION TO VACATE THE ARBITRATOR'S RULINGS THAT RESULTED IN THE ZERO-DOLLAR VALUATION OF THEIR INTEREST IN THE JEWEL OF KAHANA, LCC**

Petitioners Mark Donnelly, Chrissy Donnelly, and Hang 10 Investments, LLC (collectively "the Donnellys" or "Petitioners") seek to vacate the Arbitrator's rulings that resulted in the zero-dollar valuation of the Donnellys' interest in the Jewel of Kahana, LLC. The Donnellys seek to overturn the following rulings in the August 16, 2011 Arbitration Award and the February 13, 2012 Final Order, pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 10(a)(3) and 10(a)(4): the findings of (1) the value of the Jewel of Kahana, LLC Real Property in Lahaina, Hawaii, at the time of the Donnelly's dissociation, was $6,240,000; (2) the value of the Donnellys' interest in the Jewel of Kahana, LLC, at the time of their dissociation, was zero dollars; and (3) the Donnellys are not entitled to an evidentiary hearing on the valuation issue. (Petitioners' Mem. Supp. Mot. at 22-33, ECF No. 30.)

A.  **The Jewel of Kahana, LLC's Operating Agreement's Formula for Determining the Value of a Member's Withdrawal Distribution**

The Jewel of Kahana, LLC Operating Agreement provides that a Withdrawn Member has the right to receive a withdrawal

24

distribution, the value of which is to be established by the Valuation Formula set forth in the Operating Agreement. (Petitioners' Mot. Ex. B, Operating Agreement § 7.11, ECF No. 30.)

The Valuation Formula in the Operating Agreement provides that the value of a member's interest will be "determined by an appraiser experienced in valuing businesses similar to that of the Company, jointly selected by the Company and [the Withdrawn Member] . . . ."   (Operating Agreement at Ex. B.) If the Withdrawn Member and the Company cannot agree on one appraiser, each shall select its own, and the two appraisers shall attempt to reconcile their valuations to a single valuation. If the two appraisers are not able to agree on a single valuation, the two shall jointly appoint a third appraiser to value the Withdrawn Member's interest. If the three appraisers cannot reconcile their valuations to arrive at a single valuation, the middle of the three appraisals shall be used as the valuation of the Withdrawn Member's interest. (Id.)


**B.    The Arbitration's Zero-Dollar Valuation of the Donnellys' Withdrawal Distribution**

The Arbitrator correctly implemented the Valuation Formula in the Operating Agreement to determine the value of the

25

Donnellys' interest in the Jewel of Kahana, LLC at the time of their dissociation.

The Donnellys and the JKL Parties, unable to agree on one appraiser, each hired a real estate appraiser and business appraiser. (Petitioners' Mot. Ex. D, Arb. Award at 43-45, Aug, 16, 2011, ECF No. 30.) The Parties' real estate appraisers could not agree on a single valuation for the Jewel of Kahana, LLC Real Property, nor could the business appraisers agree as to the value of the Donnellys' interest in the Jewel of Kahana, LLC at the time of their dissociation. (Id.)

The disagreements led to a neutral real estate appraiser and a neutral business appraiser being selected.

The neutral real estate appraiser independently determined the value of the Jewel of Kahana, LLC Real Property at the time of the Donnellys' dissociation. The neutral real estate appraiser then met with the Parties' real estate appraisers. They attempted to reconcile their valuations of the Jewel of Kahana, LLC Real Property, but were unable to do so. Based on the Operating Agreement's Valuation Formula (Operating Agreement Ex. B), the middle number, $6,240,000, was submitted to the neutral business appraiser as the value of the Jewel of Kahana, LLC Real Property. (Petitioners' Mot. Ex. D, Arb. Award at 43-45, Aug, 16, 2011, ECF No. 30.)

The neutral business appraiser independently determined the value of the Donnelly's interest in the Jewel of Kahana, LLC at the time of their dissociation. The neutral business appraiser and the Parties' business appraisers met, but could not agree on a single valuation for the Donnellys' interest in the Jewel of Kahana, LLC. Once again, it was necessary to use the middle valuation, as required by the Valuation Formula in the Operating Agreement. (Id.)

The neutral business appraiser and the JKL Parties' business appraiser both determined that the Donnelly's interest at the time of their dissociation was zero dollars. Both the neutral business appraiser and the JKL Parties' business appraiser determined that the Jewel of Kahana, LLC's liabilities exceeded its assets by over $300,000. The Donnellys' business appraiser valued the Donnellys' interest at $4,406,000. (Id.)

The middle number was used, resulting in a zero-dollar valuation of the Donnellys' interest in the Jewel of Kahana, LLC at the time of their dissociation. (Id.)

The Parties were then allowed to submit briefing on outstanding issues. The Donnellys claim that they were entitled to an evidentiary hearing on the value of the Jewel of Kahana, LLC or the underlying the Jewel of Kahana, LLC Real Property at the time of their dissociation. The JKL Parties agree with the

Arbitrator's reliance on the fact that the Operating Agreement did not provide for such a hearing. (Id.)

The Arbitrator denied the Donnellys' request for an evidentiary hearing on the valuation issue. The Arbitrator ruled that the Operating Agreement's Valuation Formula requires that "the value of the Donnellys' share in the Company must be determined by an appraiser (not the Arbitrator)." The Valuation Formula does not provide for an evidentiary hearing. Instead, it specifically requires that, in the event that the appraisers cannot reconcile their valuations, the middle of the three appraisals must be used as the value. (Petitioners' Mot. Ex. D, Arb. Award at 43-45, Aug, 16, 2011, ECF No. 30.)

**C.   The Arbitrator Properly Determined the Value of the Donnellys' Interest in the Jewel of Kahana, LLC**

The Donnellys claim that the Arbitrator's rulings must be vacated, pursuant to the Federal Arbitration Act, 9 U.S.C. § 10(a), because the Arbitrator exceeded his powers and was guilty of misconduct that prejudiced the Donnellys' rights. (Petitioners' Mem. Supp. Mot. at 23-33, ECF No. 30.)

1.   **The Arbitrator Acted Within The Scope of His Authority in Interpreting and Implementing the Operating Agreement's Valuation Formula**

The Donnellys claim that the Arbitrator's procedure for valuing the underlying the Jewel of Kahana, LLC Real Property, including the denial of their request for an evidentiary hearing, was "completely irrational" because it violated the plain terms of the Operating Agreement's Valuation Formula.

Once the Donnellys filed the Demand for Arbitration, the Arbitrator possessed authority to determine the value of the Donnellys' withdrawal distribution, in compliance with the Operating Agreement's Valuation Formula. The Valuation Formula provides the procedure for determining the final valuation of a withdrawing member's interest in the Jewel of Kahana, LLC.

An arbitrator exceeds his powers, requiring vacatur, only if the arbitrator's decision "exhibits a manifest disregard of the law" or is "completely irrational." Kyocera Corp. v. Prudential-Bache Trade Serv., Inc., 341 F.3d 987, 997 (9th Cir. 2003)(en banc), cert. denied, 130 S.Ct. 1522 (2010). Absent "manifest disregard of the law" or "complete irrationality," neither erroneous legal conclusions nor unsubstantiated factual findings, provide grounds for vacating an arbitrator's ruling, even when such errors are serious. Id.; Biller, 668 F.3d at 662.

A decision "exhibits a manifest disregard of the law" when the arbitrator clearly recognizes applicable law and then ignores

29

it. Biller, 668 F.3d at 665. The law must be "well defined, explicit, and clearly applicable." Collins v. D.R. Horton, Inc., 505 F.3d 874, 879-80 (9th Cir. 2007). An arbitrator's error in the law or failure to understand and apply the law does not constitute manifest disregard. Id.

The "completely irrational" standard generally applies in the context of an arbitrator's contract interpretation. A decision is "completely irrational" only when it is not derived from, or determined in light of, the language and context of the agreement between the parties and the parties' intentions. Biller, 668 F.3d at 665. So long as the arbitration decision draws its essence from the parties' agreement, a court does not review whether an arbitrators' contract interpretation was correct. Bosack v. Soward, 586 F.3d 1096, 1106 (9th Cir. 2009). Inaccuracies or internal inconsistencies in the arbitrator's findings of fact do not provide a ground for vacatur. Id. The question of whether an arbitrator's findings are supported by the record is beyond the scope of the reviewing court. Lagstein, 607 F.3d at 642-43. So long as the arbitrator's interpretation of the contract is plausible, the award cannot be vacated. Id.

The Arbitrator plausibly interpreted the Operating Agreement and acted within his powers by determining that real estate appraisal should be part of the process in reaching the value of the Jewel of Kahana, LLC. The Arbitrator expressly relied on the

30

Valuation Formula in determining the appropriate procedure,
including his denial of the Donnellys' request for an evidentiary
hearing.

The Donnellys' allegations that the Arbitrator ignored the
plain language of the Valuation Formula by requiring the neutral
business appraiser to use the middle real estate appraisal is
without foundation.

Unless a contract expressly states otherwise, an arbitrator
has authority to interpret matters of procedure in a contract
when determining the merits of a contractual dispute. Lagstein,
607 F.3d at 643. An arbitrator's interpretation of a procedural
issue is subject to the same "completely irrational" standard for
vacatur as a substantive issue. Id.

The cases relied on by the Donnellys are not applicable
here. The cases involve arbitrators' decisions that violated the
express terms of a contract provision. In United Food &
Commercial Workers Union, Local 1119, AFL-CIO v. United Markets,
Inc., 784 F.2d 1413, 1415-16 (9th Cir. 1986), the arbitrator's
interpretation was implausible. The contract required the loss of
certain benefits after two contract violations. The arbitrator
decided that the loss of those benefits would not be permanent
until the third violation, contrary to the express terms of the
agreement. Id.

Similarly, in  Western Employers Insurance Co. v. Jefferies & Co., Inc., 958 F.2d 258, 262 (9th Cir. 1992), the contract required that the arbitrators' award include a statement of their findings of facts and conclusions of law. The arbitrators exceeded their authority by issuing an award that did not provide any such statement. Id.

The Arbitrator here, unlike those in United Food and Western Employers, did not violate the express terms of the Jewel of Kahana, LLC Operating Agreement.

When contract terms plausibly give rise to ambiguity, the arbitrator has authority to interpret the contract. Metzler Contracting Co. LLC v. Stephens, 774 F. Supp. 2d 1073, 1082 (D. Haw. 2011), aff'd, 479 F.Appx' 783 (9th Cir. 2012). The Jewel of Kahana, LLC Operating Agreement did not specify how the Jewel of Kahana, LLC Real Property should be valued in arriving at a final business valuation. The Operating Agreement required interpretation by the Arbitrator in determining how the Jewel of Kahana, LLC Real Property should be valued. The decision of the Arbitrator to have qualified real estate appraisers provide the Parties with valuation of the Jewel of Kahana, LLC Real Property was a rational action. The Arbitrator's interpretation of the Operating Agreement was plausible. Lagstein, 607 F.3d at 634.

The Donnellys' conduct also supports the Court's finding that the Arbitrator acted properly and had authority to determine

the specific procedure for valuing the underlying real estate. Tristar, 160 F.3d at 540; Nghiem v. NEC Electronics, Inc., 25 F.3d 1437, 1440 (9th Cir. 1994). The Donnellys only claim that the Arbitrator lacked authority to determine the appropriate procedure upon receipt of an unfavorable valuation. (Petitioners' Mot. Ex. E, E-mail from Donnellys' Counsel at 49, Sept. 1, 2010.)

The Arbitrator acted within the scope of his authority in determining the value of the Donnellys' interest in the Jewel of Kahana, LLC was zero dollars.

### 2. The Appraisers' Actions Did Not Transform Them Into Arbitrators

The Donnellys claim that their rights were prejudiced by the real estate appraisers' actions, requiring the Arbitration Order to be vacated, pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 10(a)(3) and 10(a)(4). The Donnellys contend that the appraisers acted as arbitrators, rather than appraisers. The Donnellys continue their theory that the appraisers were arbitrators by alleging that the "arbitrators" did not comply with their legal obligation to issue a final and definite award and to allow the parties an opportunity to present evidence. The Court finds no support for the theory that the appraisers were in fact "additional arbitrators."

33

### 3.    No Ex Parte Communication

The Donnellys also object to the meeting of the three real estate appraisers at which they attempted to reconcile their valuations. The Donnellys claim such a meeting constituted improper ex parte communication that prejudiced the Donnellys' rights. (Petitioners' Mem. Supp. Mot. at 26-32, ECF No. 30.)

The Arbitrator's jurisdiction and arbitral procedures are controlled by the agreement between the parties. See Stolt-Neilson, 559 U.S. at 1773-74. The Jewel of Kahana, LLC Operating Agreement's Valuation Formula specifically provided that the business appraisers should meet and confer in an attempt to reconcile their valuations. The Valuation Formula does not specify a procedure for finalizing the appraisers' valuation.

The Operating Agreement provides for both the general method for valuation of the business and that any disputes be settled by arbitration. In executing his role as arbitrator, it was appropriate for the Arbitrator to use the general business Valuation Formula and terms in determining valuation of the real estate at issue. It was also appropriate for the Arbitrator to determine that the middle real estate appraisal from the December 13, 2010 meeting of the real estate appraisers was final and should provide the real estate value in the neutral business appraiser's valuation. (Respondents' Mot. Ex. 19, Arb. Order, Feb. 9, 2011, ECF No. 31.) The Valuation Formula of the Operating

Agreement contemplated that it be executed by the Arbitrator, not through evidentiary hearings.

The Court has reviewed the Operating Agreement and the Arbitrator's actions. The Court finds that the real estate appraisers' meeting on December 13, 2010 complied with the terms of the Operating Agreement. The meeting was attended by each Party's real estate appraiser and the neutral appraiser. The appraisers' meeting was an effort to facilitate agreement, not an improper ex parte communication. The Arbitrator's rulings and the actions of the real estate appraisers were appropriate actions that complied with the Operating Agreement. There was no violation of arbitration law.

The Donnellys also allege that the JKL Parties' business appraiser engaged in improper ex parte communication with the neutral business appraiser. The allegation is based on the January 28, 2010 notation in the JKL Parties' business appraiser's billing statement. They request an evidentiary hearing to determine what communications took place among the three appraisers. (Petitioners' Mem. Supp. Mot. at 32-33, ECF No. 30.)

Actual ex parte presentation of evidence to an arbitrator could provide grounds for vacating an arbitration award when it disadvantages the parties' rights to submit and rebut evidence. See Pac. Reins. Mgmt. Corp. v. Ohio Reins. Corp., 935 F.2d 1019,

1025 (9th Cir. 1991). There was no ex parte communication in the case before the Court here.

The JKL Parties' business appraiser filed an Affidavit, explaining the billing notation in question:

> My January 28, 2010 time entry incorrectly describes my services that day as "review file, call with [neutral business appraiser] regarding info." A better description would have been "review file *in preparation for* call with [the neutral business appraiser] regarding info." Again, there was no ex parte communication between [the neutral business appraiser] and me.

(Respondents' Mot. Decl. of Kimo Todd, Oct. 10, 2012, ECF No. 31-9.) The Court is satisfied that there was no improper communication. The Donnellys' interpretation of the billing notation was in error. See <u>Ardalan v. Macy's Inc.</u>, No. 09-cv-04894, 2012 WL 2503972, at *4 (N.D. Cal. June 28, 2012)(allegations of ex parte communications sufficiently refuted by responsive affidavit). The Donnellys are not entitled to an evidentiary hearing on the real estate appraisal.

The Arbitrator's rulings and appraisers' conduct in valuing the Donnellys' interest in the Jewel of Kahana, LLC were proper.

The Donnellys' motion to vacate the Arbitrator's rulings on the valuation issue is **DENIED.**

## II.  THE JKL PARTIES' MOTION TO VACATE THE ARBITRATOR'S RULING THAT THERE WAS NO PREVAILING PARTY AS TO THE VALUATION ISSUE

The JKL Parties argue that Paragraph 3 of the Arbitrator's Final Order, finding that there was no prevailing party on the valuation issue, should be vacated. Respondents maintain that the ruling exceeded the Arbitrator's authority and showed evident partiality and misconduct prejudicing the rights of the JKL Parties. The JKL Parties claim they are the prevailing party and must be awarded attorneys' fees and costs, according to the Operating Agreement. (Respondents' Mem. Supp. Mot. at 30-31, ECF No. 31.)

### A.  The Arbitrator Had the Authority to Determine That There Was No Prevailing Party as to the Valuation Issue

The Arbitration Clause of the Operating Agreement provides:

> In the event a dispute is submitted to arbitration pursuant to this Article, the prevailing party shall be entitled to the payment of its reasonable attorneys' fees and costs, as determined by the arbitrator.

(Operating Agreement § 12.1.2.)

The Arbitrator ruled that there was no prevailing party on the valuation issue because the valuation was governed by the formula set forth in the Operating Agreement, and was not a matter that was litigated. The JKL Parties rely on the Arbitrator's finding that the Donnellys' share was worth zero

dollars to reach the conclusion that they are a prevailing party. (Arb. Final Order at ¶ 3, Feb. 13, 2012.)

The Operating Agreement's Arbitration Clause does not require the designation of a prevailing party. Indeed, it grants authority to the Arbitrator to determine when it is appropriate to award fees and costs. The Arbitrator's determination that the valuation issue did not result in a prevailing party is a plausible interpretation of the Operating Agreement.

The Court can only vacate the Arbitration Award if the Arbitrator's interpretation of the Operating Agreement was not plausible or if the Arbitrator clearly recognized and ignored applicable law. Tristar Pictures, Inc. v. Director's Guild of Am., Inc., 160 F.3d 537, 540-411 (9th Cir. 1998); Kyocera, 341 F.3d at 997. Even an arbitrator's mistake of fact or application of law is not grounds for vacatur. Biller, 668 F.3d at 662.

The Arbitrator concluded that Petitioners prevailed on the only actual litigation before the Arbitrator. The Arbitrator's determination was based on his interpretation of the Operating Agreement and the Hawaii "prevailing party test," set forth in the cases of Food Pantry, Ltd. V. Waikiki Business Plaza, Inc., 575 P.2d 869, 879 (Haw. 1978) and MFD Partners v. Murphy, 850 P.2d 713, 716 (Haw.Ct.App. 1992). (Arb. Award at 29-33, Aug. 16, 2011.)

The Arbitrator found the valuation issue was not litigation, but a process of applying the terms of the Operating Agreement to find valuation. There is no basis upon which the Court could vacate the Arbitrator's decision.  Tristar, 160 F.3d at 540-41.

**B.    The JKL Parties' Claim of Partiality in the Arbitrator's Finding That There Was No Prevailing Party on the Valuation Issue Is Without Foundation**

An award may be vacated when there is evident partiality or misconduct on the part of the arbitrator. The party moving to vacate an award based on an arbitrator's partiality, pursuant to the Federal Arbitration Act, 9 U.S.C. § 10(a)(2), has the burden of establishing an arbitrator's partiality by presenting evidence of actual bias or undisclosed facts that show a reasonable impression of partiality. Schmitz v. Zilveti, 20 F.3d 1043, 1046 (9th Cir. 1994). Bias has been shown in cases where an arbitrator fails to disclose his financial interest in the arbitration, had a familial relationship with an involved party, and when an arbitrator's former employment by one of the parties was not disclosed. Ardalan v. Macy's Inc., No. 09-cv-04894, 2012 WL 2503972, at *3 (N.D. Cal. June 28, 2012)(providing examples of awards vacated based on an arbitrator's partiality). A party moving to vacate an award for an arbitrator's misconduct, pursuant to the Federal Arbitration Act, 9 U.S.C. § 10(a)(3),

must show that the misconduct denied them a fair hearing. Id. at *6.

The JKL Parties, in moving to vacate the award based on bias and misconduct, present no facts, but rather state their dissatisfaction with the Arbitrator's ruling and interpretation of the Operating Agreement. (Respondents' Mem. Supp. Mot. at 29-31, ECF No. 31.) A party moving to vacate an award for bias or misconduct must provide some evidence supporting their allegations. Schmitz, 20 F.3d at 1046 (9th Cir. 1994). The JKL Parties' vague allegations are insufficient.

The JKL Parties' motion to vacate the ruling that there was no prevailing party on the valuation issue is **DENIED.**

## III. THE JKL PARTIES' MOTION TO VACATE ARBITRATOR'S RULING THAT THE INDIVIDUAL JEWEL OF KAHANA, LLC MEMBERS AND MANAGERS ARE JOINTLY AND SEVERALLY LIABLE

The JKL Parties object to the Arbitrator's finding that the Members and Managers of the Jewel of Kahana, LLC are personally liable for attorneys' fees and costs on the Counterclaim. The Jewel of Kahana, LLC Managers and Members take the position that they did not agree to arbitration and that the Hawaii Limited Liability Company Law (Haw. Rev. Stat. Ch. 428) and the Operating Agreement bar any award of individual liability. Additionally, they claim that the finding of personal liability resulted from

40

an improper broadening of the scope of the August 2011 Final

Award. (Respondents' Mem. Supp. Mot. at 15-25, Nov. 15, 2012, ECF

No. 31.)

### A.    The Arbitrator Did Not Exceed His Authority in Finding the Individual Jewel of Kahana, LLC Members and Managers Jointly and Severally Liable

Both the Jewel of Kahana, LLC and its Members and Managers,

named as individuals, filed a Counterclaim against the Donnellys

for breach of fiduciary duties. The JKL Parties alleged that the

Donnellys "acts and omissions and breaches of fiduciary duties to

Jewel have caused and will continue to cause damage to Jewel and

its individual members." (Petitioners' Mot. Ex. A, Answer and

Counterclaim at ¶ 32, Jan. 5, 2009, ECF No. 30.)

The Arbitrator found that the Donnellys prevailed on the

Counterclaim, as the JKL Parties did not establish the breach of

fiduciary duty claim. The Arbitrator awarded the Donnellys

attorneys' fees and costs, based on the Operating Agreement's

Arbitration Clause. The Arbitration Clause grants the Arbitrator

the authority to award reasonable attorneys' fees and costs to a

prevailing party in the Arbitration. (Operating Agreement §

12.1.2.)

An arbitrator's jurisdiction is based on the agreement of

the parties and may be implied from the conduct of the parties in

the arbitration. George Day Const. Co., Inc. v. United Broth. of

Carpenters & Joiners of Am., Local 354, 722 F.2d 1471, 1474-75
(9th Cir. 1984).

The individual Jewel of Kahana, LLC Members and Managers
submitted to the Arbitrator's jurisdiction by filing their
Counterclaim and requesting attorneys' fees and costs. They
cannot now claim that they did not agree to arbitrate or that the
Arbitrator lacked authority to find the Managers and Members
individually liable for attorneys' fees and costs. Tristar, 160
F.3d at 541; Metzler 774 F.Supp.2d at 1087.

The monetary judgment against the individual Jewel of
Kahana, LLC Members and Managers on the Counterclaim was within
the Arbitrator's power. The Arbitrator's award of attorneys' fees
and costs arose from the Operating Agreement's Arbitration
Clause, which allows the Arbitrator to determine a prevailing
party's entitlement to attorneys' fees and costs. (Operating
Agreement § 12.1.2.)

The JKL Parties point to provisions in the Operating
Agreement that limit the liability of the Jewel of Kahana, LLC's
Members and Managers. The provisions referred to are not broad.
They limit the liability of Members and other interest holders in
the context of withdrawal distributions and return of capital
contributions. (Respondents' Mem. Supp. Mot. at 21-25, ECF No.
31.)

42

The JKL Parties also point to the Hawaii Limited Liability Company Law's provision that contains a prohibition on the liability of members and managers for a company debt or obligation. (Id.) The JKL Parties presented the same arguments to the Arbitrator in their Pre-Hearing Brief. (Respondents' Mot. Ex. 8, Pre-Hearing Brief at 19-20, Aug. 20, 2009, ECF No. 31.)

Neither the Operating Agreement nor the Hawaii Limited Liability Company Law expressly limits the Arbitrator's ability to award attorneys' fees and costs to the Donnellys for prevailing on the Counterclaim brought by both the Jewel of Kahana, LLC and its individual Members and Managers. The Arbitrator plausibly interpreted the Operating Agreement to allow both the Jewel of Kahana, LLC and its individual Members and Managers to be liable for the Donnellys' attorneys' fees and costs, as they had counterclaimed as individuals. Vacatur is not permissible. Tristar, 160 F.3d at 540-41; Kyocera, 341 F.3d at 997.


**B.   The Provision Imposing Joint and Several Liability on Individual Members and Managers of the Jewel of Kahana, LLC Was Not a Modification of a Final Award**

The JKL Parties claim that the ruling in the Final Order that the Jewel of Kahana, LLC and the individual Jewel of Kahana, LLC Members and Managers are jointly and severally liable for

attorneys' fees and costs on the Counterclaim was an improper modification of the August 2011 Arbitration Award.

It is true that an arbitrator's authority terminates once a final award is issued. See Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., Local 631 v. Silver State Disposal Serv., Inc., 109 F.3d 1409, 1411 (9th Cir. 1997); Arbitration of Bd. of Dirs. of Ass'n of Apartment Owners of Tropicana Manor, 830 P.2d 503, 507 (Haw. 1992). Although an arbitrator cannot change a final award, an arbitrator may complete an incomplete arbitration award, correct a mistake that is facially apparent, and clarify an ambiguity in the award. Int'l Bhd. of Teamsters, 109 F.3d at 1411.

The Arbitrator's Final Order, dated February 13, 2012, did not modify the finding of the liability of the individual Jewel of Kahana, LLC Members and Managers. The pleadings had already established who the Parties were. The Counterclaim was filed by the Jewel of Kahana, LLC and each of the individual Jewel of Kahana, LLC Members and Managers. The November 30, 2009 Arbitration Award on the Counterclaim clearly refers to the Counterclaim as brought by each of the individual Jewel of Kahana, LLC Members. The August 16, 2011 Award stated that the Donnellys were the prevailing parties against the JKL Parties on the Counterclaim and entitled to related attorneys' fees and costs. (Arb. Award at 31, 45-46, Aug. 16, 2011.)

44

The Final Order set forth the actual amounts owed and included the names of each of the parties, Jewel of Kahana, LLC, and its individual Members and Managers. The inclusion of the Jewel of Kahana, LLC's Members and Managers' names in the definitive order on attorneys' fees and costs was not a broadening of the scope of liability. Nor did it alter the August 16, 2011 Award. See Int'l Bhd. of Teamsters, 109 F.3d at 1411.

The JKL Parties' motion to vacate the Arbitrator's ruling that the individual Jewel of Kahana, LLC Members and Managers are each jointly and severally liable for the attorneys' fees and costs on the Counterclaim is **DENIED.**

## IV. THE DONNELLYS' MOTION TO CONFIRM THE ARBITRATOR'S RULINGS ON THE COUNTERCLAIM

The Donnellys seek to confirm the Arbitrator's rulings on the Counterclaim, including the JKL Parties' joint and several liablity for the Donnellys' attorneys' fees and costs amounting to $283,093.97. The JKL Parties request an entry of final judgment in accordance with the Federal Arbitration Act, 9 U.S.C. § 13, incorporating and confirming the rulings of the Arbitrator.

An arbitration award must be confirmed if it has not been modified, corrected, or vacated. See 9 U.S.C. § 9.

The Arbitrator's Final Order, having not been modified, corrected, or vacated, is **CONFIRMED.**

45

## CONCLUSION

Petitioners Mark Donnelly, Chrissy Donnelly, and Hang 10 Investments, LLC's Statement of Relief Requested in Their Motion to Confirm in Part and Vacate in Part Arbitration Award, filed on July 25, 2012 (ECF No. 30) is:

**GRANTED** with respect to the Motion to Confirm the Arbitrators rulings that:

(1)    The Donnellys (Mark Donnelly, Chrissy Donnelly, and Hang 10 Investments, LLC) are the prevailing parties against the JKL Parties (Jewel of Kahana, LLC, Meritage Investments, LLC, Aubery Family Limited Partnership, Jeff Aubery, Patty Aubery, James LeCron, Karen LeCron, Melinda Walsh, and Michael Walsh) on the Counterclaim;

(2)    The Donnellys (Mark Donnelly, Chrissy Donnelly, and Hang 10 Investments, LLC) are entitled to recover the award of attorneys' fees and costs related to the Counterclaim from the JKL Parties (Jewel of Kahana, LLC, Meritage Investments, LLC, Aubery Family Limited Partnership, Jeff Aubery, Patty Aubery, James LeCron, Karen LeCron, Melinda Walsh, and Michael Walsh), jointly and severally; and

46

(3)   The Donnellys (Mark Donnelly, Chrissy Donnelly, and Hang 10 Investments, LLC) shall recover from the JKL Parties (Jewel of Kahana, LLC, Meritage Investments, LLC, Aubery Family Limited Partnership, Jeff Aubery, Patty Aubery, James LeCron, Karen LeCron, Melinda Walsh, and Michael Walsh), jointly and severally, the total amount of $283,093.87, which includes:

(a)   $201,323.12 in attorneys' fees and $29,677.00 in costs,

(b)   $14,000.00 as and for American Arbitration Association fees incurred by the Donnellys (Mark Donnelly, Chrissy Donnelly, and Hang 10 Investments, LLC) up to and including November 30, 2010, and

(c)   $38,093.75, as and for ADR Services, Inc. fees and costs up to and including November 30, 2012; and

**DENIED** with respect to the Motion to Vacate the Arbitrator's ruling related to the valuation of the Donnellys' interest in Jewel of Kahana, LLC.

Respondents Jewel of Kahana, LLC, Meritage Investments, LLC, Aubery Family Limited Partnership, Jeff Aubery, Patty Aubery, James LeCron, Karen LeCron, Melinda Walsh, and Michael Walsh's Motion to Vacate in Part Arbitration Award (ECF No. 31) is **DENIED.**

The Clerk of the Court is directed to enter a Final Judgment, incorporating and confirming the Arbitrator's Final Order, issued on February 13, 2012 and served on May 16, 2012, and close the case.

IT IS SO ORDERED.

DATED: March 28, 2013, Honolulu, Hawaii.



/S/ Helen Gillmor

Helen Gillmor
United States District Judge

Mark Donnelly, Chrissy Donnelly, and Hang 10 Investments, LLC v. Jewel of Kahana, LLC, Meritage Investments, LLC, Aubery Family Limited Partnership, Jeff Aubery, Patty Aubery, James LeCron, Melinda Walsh, and Michael Walsh, CV 12-00347-HG-KSC and CV 12-00-419-HG-KSC, **ORDER CONFIRMING ARBITRATION AWARD.**